# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| Frank Dunlap, | Case No.: 2:19-cv-01166-APG-VCF |
| Plaintiff | **Order** |
| v. | |
| Joe Lombardo, | |
| Defendant | |

## I. DISCUSSION

On August 19, 2019, I dismissed this action without prejudice based on plaintiff Frank Dunlap's failure to file another application to proceed *in forma pauperis* or pay the full filing fee in accordance with Magistrate Judge Ferenbach's July 10, 2019 order. (ECF No. 4). The Clerk of the Court closed the case and entered judgment accordingly. (ECF No. 5). Almost a year later, on July 30, 2020, plaintiff filed another application to proceed *in forma pauperis* in this closed case. (ECF No. 6). Plaintiff provides no explanation for the late filing. (*Id.*)

I deny the application to proceed *in forma pauperis* (ECF No. 6) without prejudice because this is a closed case. To the extent that the application is an attempt to set aside judgment under Federal Rule of Civil Procedure 60(b)(1), I decline to set aside judgment. *See* Fed. R. Civ. P. 60(b)(1) (providing that a court may relieve a party or its legal representative from a final judgment, order, or proceeding for "mistake, inadvertence, surprise, or excusable neglect"). I have considered the factors in *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd.*

*P'ship*, 507 U.S. 380 (1993) and find that the factors weigh against setting aside judgment in a case where plaintiff has failed to provide an explanation for his late filing.[1]

## II.  CONCLUSION

For the foregoing reasons, it is ordered that the application to proceed *in forma pauperis* (ECF No. 6) is denied without prejudice.

It is further ordered that plaintiff may initiate a new case by sending a complaint and an application to proceed *in forma pauperis* to the Clerk of the Court.

It is further ordered that plaintiff may not file any more documents in this closed case.

Dated: September 4, 2020

_____
U.S. District Judge

---

[1] In *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380 (1993), the Supreme Court interpreted "neglect" to encompass "both simple, faultless omissions to act and, more commonly, omissions caused by carelessness." *Id*. at 388.  In assessing whether a set-side is justified by a party's excusable neglect, courts apply a four-part test: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant; and (4) whether the movant acted in good faith.  *Id*. at 395